UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 07-22299-CIV-GOLD/TURNOFF

DIVA LARIOS and all others similarly
Situated under 29 USC 216(B),

    Plaintiff,

vs.

BOX EXPRESS INTERNATIONAL
COURIER, INC., and
VICTOR H. SIERRA,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff, DIVA LARIOS, (hereinafter "Plaintiff"), and the Defendants, BOX EXPRESS INTERNATIONAL COURIER, INC., and VICTOR H. SIERRA (collectively "Defendants"), by and through their undersigned attorneys, file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state as follows:

### PRELIMINARY STATEMENT

Plaintiff, DIVA LARIOS, filed her Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay her and other similarly situated employees overtime compensation. Defendants deny any wrongdoing under the FLSA and maintain that the Plaintiff was properly compensated. However, to avoid the costs and uncertainly of litigation, the parties have negotiated a settlement in this matter.

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the

1

approval of the district court or the Secretary of Labor. Therefore, the parties submit their Settlement Agreement, attached hereto as Exhibit "A," for review by the Court. The parties request that the Court approve the terms of the Settlement Agreement in this matter.

### MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

Here, the parties agree that the attached settlement terms represent a fair and equitable resolution of this matter. Indeed, the Defendants have agreed to pay Plaintiff all that she could possibility be entitled to in this litigation, for each and every hour of overtime claimed by Plaintiff, including liquidated damages, and attorneys' fees and costs, even though the Defendants dispute the Plaintiff is entitled to such damages. For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having experience in FLSA claims, the agreement is reasonable, and this Court should approve the settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with

prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting the parties such further relief as the Court deems just.

DATED this 26th day of March, 2008.

| | |
|---|---|
| J.H. Zidell, P.A.<br>Counsel for Plaintiff<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Email: danielfeld.esq@gmail.com | LIEBERMAN DANZ & KRONENGOLD, P.L.<br>Counsel for Defendants<br>1301 International Parkway, Suite 140<br>Fort Lauderdale, FL 33323<br>Telephone: (954)385-5400<br>Facsimile: (954)385-5444<br>Email: slieberman@ldklaw.com |
| By: __s/ Daniel T. Feld__<br>  Daniel T. Feld, Esq.<br>  Florida Bar No. 037013 | By: __s/ Scott D. Lieberman__<br>  Scott D. Lieberman<br>  Florida Bar No. 962678 |