# GENERAL RELEASE AND
# SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made effective the 25th day of March, 2008, by and between Diva Larios, on behalf of herself, her agents, representatives, assignees, spouse, attorneys, heirs, executors and administrators (collectively referred to as "Larios" and/or "Plaintiff"), Box Express International Courier, Inc., and Victor H. Sierra, their parent companies, subsidiaries, affiliated companies, divisions, owners, predecessors, successors, assigns, agents, past and present directors, officers, employees, representatives, heirs, executors, administrators and attorneys ("Box Express" and/or "Defendant") and Victor H. Sierra ("Sierra" and/or "Defendant"), individually and on behalf of himself, his agents, representatives, assignees, attorneys, heirs, executors and administrators.

WHEREAS, Plaintiff was employed by Defendant and alleged unpaid overtime wages as well as religious discrimination.

WHEREAS, Defendants deny all claims.

WHEREAS, Larios, Box Express and Sierra (collectively referred to as the "Parties") do now desire and hereby resolve to fully and completely settle all differences, disputes, claims, causes of action and other matters, asserted or unasserted, which do or may exist between them, including, without limitation, any and all claims, known or unknown, arising out of Larios' working relationship with Box Express and Sierra;

NOW, THEREFORE, for and in consideration of the mutual covenants, promises, covenants and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all Parties, the Parties agree as follows:

1

EXHIBIT A

1. In full and complete satisfaction of all asserted and unasserted claims against Box Express and Sierra, and in consideration for executing this Agreement, Box Express on its behalf and on behalf of Sierra shall pay to Plaintiff, inclusive of attorneys' fees and costs in the total sum of Ten Thousand and no/100 Dollars ($10,000.00) (the "Settlement Funds") payable to the trust account of J. H. Zidell, P.A., counsel for Larios, to be held in trust and not disbursed until receipt of an executed Order Approving Settlement. Defendant's counsel agrees to file a joint motion to approve the settlement agreement within ten (10) days of execution of this Agreement by the parties. After notifying Defendants' counsel, the Settlement Funds can be disbursed by Plaintiff's counsel.

(a) Larios represents and agrees that the Settlement Funds constitute the total unpaid wages and liquidated damages she is owed or could be owed and also represent any other possible damages she could be owed related to her employment at Box Express.

(b) Larios agrees to be, and will be, solely responsible for any and all of her tax obligations and any and all of her tax liabilities arising from payment of the Settlement Funds and agrees to indemnify and hold Box Express and Sierra harmless for any and all of Larios' liabilities, payments, penalties or interest arising therefrom, including but not limited to claims, deficiencies, demands, laws assessments, executions, judgments or recoveries by any governmental agency or any entity against Defendants.

2. Larios agrees that, Defendants' attorneys will immediately file, or cause to be filed, with the Court, a Joint Motion to Approve Settlement Agreement and Dismiss the case with Prejudice of that certain Complaint, styled *Diva Larios vs. Box Express International Courier, Inc. and Victor H. Sierra*, Case No. 07-22299-Civ-Gold/Turnoff, pending in the United States District Court, Southern District of Florida (the "Lawsuit"), with each party to bear its own costs and

attorneys' fees, except as otherwise provided herein. A form copy of the Joint Motion to Approve Settlement Agreement and proposed order on same are attached hereto as Exhibit "A." Larios' counsel shall not disburse the Settlement Funds until after the fully-executed Joint Motion to Approve Settlement Agreement is filed with the Court and an Order Approving Settlement is entered by the Court. Larios also agrees to immediately withdraw her EEOC Charge of Discrimination against Box Express, EEOC Charge No. 510-2007-05499, pending with the U.S. Equal Employment Opportunity Commission, Miami District Office. Further, Larios agrees not to voluntary cooperate with such Charge.

3. As part of this Agreement, in exchange for and in consideration of the promises, covenants and agreements set forth herein, Larios, on her own behalf and on behalf of her respective successors, assigns, heirs, agents, employees, attorneys, estate, and personal representatives, hereby remises, releases, acquits, satisfies and forever discharges Box Express and Sierra, together with their respective subsidiaries, affiliated companies, parent companies, divisions, owners, predecessors, successors, assigns, agents, past and present directors, officers, employees, representatives, heirs, executors, administrators and attorneys, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, attorneys' fees and costs, personal injury claims, claims for wages and benefits, medical and/or healthcare provider liens, including, but not limited to, any and all claims arising out of Larios' employment with Box Express, and/or alleged employment or working relationship with Sierra, (other than maintaining her limited claim for unemployment compensation only which is presently on appeal), and demands whatsoever, in law or

in equity, which Larios ever had, or now has, or hereafter can, shall or may have, against Box Express and/or Sierra, together with their respective subsidiaries, affiliated companies, divisions, owners, predecessors, successors, assigns, agents, past and present directors, officers, employees, representatives, heirs, executors, administrators and attorneys, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents, including but not limited to, claims for overtime wages and liquidated damages, and all claims of discrimination or other employment practices prohibited under federal, state or local law or ordinance, and further including, without limitation, claims arising under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. sections 1981 and 1983, the Fair Labor Standards Act (as amended); the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq.; the Equal Pay Act of 1963 (as amended); the Florida Civil Rights Act (as amended), Fla. Stat. § 760.01 et seq.; federal and/or state whistleblower claims; the Federal and Florida False Claims Act; and, any claims for tortious conduct, wrongful discharge, any cause of action under the common or statutory law of the State of Florida, any claims of intentional or negligent infliction of emotional distress, negligent hiring or supervision, breach of covenant of good faith and fair dealing, promissory estoppel, defamation, negligence, and any and all other claims of any type or nature. This release is meant by all parties to be interpreted in the broadest possible manner in favor or releasing all Parties other than the limited unemployment claims stated in her pending appeal.

4. **Plaintiff acknowledges that other than her unemployment claims which are strictly limited to the amounts already sought, that this is a full General Release and waiver of any and all claims related to her employment with Defendants and such release and waiver herein is made knowingly and voluntarily.**

5. Larios acknowledges that payment of the Settlement Funds does not constitute, and should not be interpreted as, an admission of liability or any wrongdoing or unlawful action on the part of Box Express or Sierra. It is the intention of the Parties that the releases provided in this Agreement are solely in furtherance of compromising disputed claims between Plaintiff and Defendants and in order to avoid additional costs and expenses.

6. Larios agrees that she will not apply for, or otherwise seek, employment with Box Express or Sierra, that neither Box Express nor Sierra have any obligation to rehire, re-employ or recall her in the future, and Box Express and Sierra have no obligation to hire her in the future, and Larios hereby waives any and all claims against Box Express and/or Sierra for their failure to hire Larios for any reason whatsoever.

7. Plaintiff hereby covenants and agrees that she will not discuss, disclose, communicate, disseminate, publicize, reveal or cause or permit to be discussed, disclosed, communicated, disseminated, publicized, or revealed, directly or indirectly, any information whatsoever concerning or relating to or regarding (i) Plaintiff's claim or its underlying facts, (ii) the settlement of Plaintiff's claim, (iii) this Agreement and all its terms and conditions, (iv) any information which Plaintiff or Plaintiff's counsel learned about Defendants as a result of Plaintiff's claim, and (v) any and all contentions or suggestions that Defendants ever violated any law, rule or regulation. Plaintiff agrees that all such information, collectively and individually, is and shall remain totally confidential and shall forever be kept totally confidential and shall not in any manner or for any reason be disclosed, except: (a) to Plaintiff's spouse (if any), attorneys, and accountants, all of whom shall be informed of and must agree to be bound by the provisions of this paragraph; or (b) pursuant to Court order or subpoena compelling such disclosure. If Plaintiff or Plaintiff's

counsel is served with a Court order or subpoena compelling such disclosure, they agree to provide Defendants with notice of such Court order or subpoena within five days of their receipt by providing a copy of the subpoena via email, facsimile OR U.S. Mail to Defendants' counsel, Lieberman Danz & Kronengold, PL, so that Defendants may have an opportunity to intervene and object to the Court order or subpoena prior to any response by Plaintiff or Plaintiff's counsel. The foregoing Agreement not to disclose shall be binding on Plaintiff and her attorney and their agreement to be bound is indicated by their signatures affixed hereto. Plaintiff agrees that if she is questioned as to the status of the Claim, she shall state that the "matter was resolved." Additionally, Plaintiff agrees not to undertake any disparaging conduct directed at Defendants and to refrain from making any negative or derogatory statements concerning Defendants.

8. In the event that it is determined by a court of competent jurisdiction that Larios disclosed the terms of this Agreement in violation of paragraph 7 of this Agreement, then this event shall be deemed a material breach, and Box Express shall be entitled to Three Thousand and 00/100 Dollars ($3,000.00) from Larios as liquidated damages, in addition to seeking injunctive relief. In such event, the release contained herein shall remain in full force and effect. The Prevailing Party to any suit for breach shall be entitled to fees and costs.

9. Larios agrees not to disparage Box Express and Sierra or to otherwise cast either of them in a negative light. Sierra agrees not to disparage Larios and when requested not to give any negative employment references to prospective employers and when requested not to mention this lawsuit to any prospective employer.

10. Larios agrees and acknowledges that she has been given a sufficient time within which to consider this Agreement, that she has been given the opportunity to seek translation and

legal counsel in connection with reviewing this Agreement, and that she has, in fact, reviewed this Agreement with legal counsel of her own choosing prior to executing this Agreement.

11. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provision contained within this Agreement inoperative, unenforceable or invalid.

12. The Parties shall execute duplicate originals of this Agreement so that each party may retain an original of this Agreement.

13. The Parties agree that this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors, predecessors, assigns, legal representatives, officers, directors, shareholders and former shareholders, present and former employees, servants, agents, parent companies, affiliates, divisions, subsidiaries and/or related corporations.

14. This Agreement constitutes the entire agreement existing between the Parties and may only be amended in writing executed by all Parties.

15. This Agreement is a result of negotiations between Larios, Box Express and Sierra, and their respective counsel. Accordingly, the fact that counsel for one party or another may have drafted this Agreement is immaterial, and this Agreement shall not be strictly construed against that party.

16. The Parties agree to execute such further documents as may be necessary to carry out the intent of the Agreement. Each of the Parties agree to take all additional actions which may be necessary or appropriate to give full force and effect to the terms or intent of the Agreement.

Defendants' counsel is charged with filing this Agreement for court approval within 10 days of the payment of consideration by Defendants.

17. The Parties agree that this Agreement shall be governed, construed and enforced with and be subject to the laws of the State of Florida. Venue for any legal action brought pursuant to this Agreement shall be in Miami-Dade County, Florida, or within the Southern District of Florida.

18. In the event that either party is determined by a court of law to have materially breached any of the terms of this Agreement, the prevailing party shall be entitled to recover the costs and reasonable attorneys' fees incurred in obtaining judgment.

19. The Parties represent and warrant that they have read and hereby execute this Agreement voluntarily and upon their own judgment and solely for the consideration herein. The Parties further acknowledge and agree that they have not relied upon the representations of the other party except as set forth herein upon entering into this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date set forth next to each signature.

_____
DIVA LARIOS

STATE OF FLORIDA

COUNTY OF Dade

I HEREBY CERTIFY that on this day, personally appeared DIVA LARIOS, who is personally known to me or who produced the following identification (FLD L621-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), and she acknowledged before me that she executed the foregoing document as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and seal in the County and State aforesaid as of this 25 day of March, 2008.

```
DANIEL FELD
MY COMMISSION #DD678254
EXPIRES: MAY 24, 2011
Bonded through 1st State Insurance
```

Name: Daniel Feld
Notary Public
State of Florida
Commission or Serial No. DD678254
My commission expires: May 24, 2011
(SEAL)

9

D a L.

BOX EXPRESS INTERNATIONAL COURIER, INC.

By: _____
Name: Victor H. Sierra
As its: _____President_____

STATE OF FLORIDA

COUNTY OF BROWARD

    I HEREBY CERTIFY that on this day, personally appeared VICTOR H. SIERRA of BOX EXPRESS INTERNATIONAL COURIER, INC., a corporation under the laws of the State of Florida, who is personally known to me, and he acknowledged before me that he executed the foregoing document as his free act and deed as such officer(s), for the uses and purposes therein mentioned, and that said instrument is the act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal in the County and State aforesaid as of this __21__ day of March, 2008.

Name: _VERA JANE BRUMBAUGH_
Notary Public
State of Florida
Commission or Serial No. DD692477
My commission expires: 8/13/2011

(SEAL)

NOTARY PUBLIC-STATE OF FLORIDA
Vera Jane Brumbaugh
Commission #DD692477
Expires: AUG. 13, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

10

_____
VICTOR H. SIERRA

STATE OF FLORIDA

COUNTY OF BROWARD

    I HEREBY CERTIFY that on this day, personally appeared VICTOR H. SIERRA, who is personally known to me or who produced the following identification (_____), and he acknowledged before me that he executed the foregoing document as his free act and deed.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal in the County and State aforesaid as of this __21__ day of March, 2008.

Name: VERA JANE BRUMBAUGH
Notary Public
State of Florida
Commission or Serial No. DD692477
My commission expires: 8/13/2011

NOTARY PUBLIC-STATE OF FLORIDA
Vera Jane Brumbaugh
Commission #DD692477
Expires: AUG. 13, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

(SEAL)

11